In re LYCOMING CRANKSHAFT PRODUCTS LIABILITY LITIGATION

Richard A. Bristow v. Lycoming Engines, et al., E.D. California, C.A. No. 2:06-1947

Charles Powers v. Lycoming Engines, et al., E.D. Pennsylvania, C.A. No. 2:06-2993

John Car v. Lycoming Engines, et al., E.D. Pennsylvania, C.A. No. 2:06-4228

No. MDL 1821.

Judicial Panel on Multidistrict Litigation.

Feb. 6, 2007.

Before WM. TERRELL HODGES,[*] Chairman, D. LOWELL JENSEN,[*] J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

### ORDER DENYING TRANSFER

J. FREDERICK MOTZ, Acting Chairman.

This litigation currently consists of one action pending in the Eastern District of California and two actions in the Eastern District of Pennsylvania. Defendants AVCO Corp. (Avco) and Textron, Inc. (Textron)[1] move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Eastern District of Pennsylvania. Plaintiffs in all actions oppose transfer; however, should the Panel centralize the actions over their objections, plaintiffs in the Eastern District of Penn-

---

[*] Judges Hodges and Jensen took no part in the decision of this matter.

1. Textron is the parent company of Avco; Lycoming Engines, which is also a common defendant to all actions, is a division of Avco.

sylvania actions prefer selection of the Eastern District of Pennsylvania as the transferee forum.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. This docket contains only three actions (two of which have been consolidated before the same judge) pending in two districts, and no overlap exists between the putative classes in the Pennsylvania actions and the California action. The proponents of centralization have failed to persuade us that any common questions of fact and law are sufficiently complex and/or numerous to justify Section 1407 transfer in this docket at this time. Alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these three actions is denied.